STATE EX REL. GERARD A. HAMEL *v.* CHARLES E. ARCHAMBAULT

SUPERIOR COURT      WINDHAM COUNTY      FILE NO. 11641

Memorandum filed May 16, 1960

*Donald H. McGilvray,* of East Hartford, for the plaintiff.

*Raymond T. Wheaton,* of Putnam, for the defendant.

MacDonald, J. This is the second action in the nature of quo warranto in which the relator, hereinafter referred to as plaintiff, has sought to prevent the defendant from acting as tax collector for the town of Thompson on the following set of facts, which are substantially uncontroverted.

The plaintiff, Gerard A. Hamel, was elected to the office of tax collector for the town of Thompson on October 6, 1957, for a term of two years and "until his successor is elected and has qualified," as provided in § 9-189 of the General Statutes of Connecticut. In the biennial election held October 5, 1959, one Bernard Pompeo defeated the plaintiff by receiving a plurality of votes for the office of tax collector for said town. Pompeo was declared elected and was administered the oath of office by the town clerk of Thompson on the evening of October 5, 1959. On October 6, 1959, the plaintiff delivered to the town treasurer the key, books and records of the office of tax collector and requested that an audit be made of his term of office.

The newly elected tax collector was unable to furnish the bond required by § 12-136 of the General Statutes and on November 2, 1959, he submitted his resignation in writing to the town clerk of the town

of Thompson, giving as the reason therefor his ill health. On November 3, 1959, a majority of the selectmen, by letter delivered to the town clerk and the defendant, appointed the defendant, Charles E. Archambault, tax collector of the town of Thompson. The letter of appointment read as follows:

"November 3, 1959,

"We hereby appoint Charles Archambault of North Grosvenordale, to fill the vacancy in the position of Tax Collector for the Town of Thompson, caused by the resignation of Bernard Pompeo, said appointment to expire on October 2, 1961.

"George F. Bates, Sr.

James Sali

Board of Selectmen."

The defendant was sworn in by the town clerk on November 4, 1959, and immediately furnished the necessary bond and received from the town clerk the keys to, and the records of, the office of tax collector. Thereafter, approximately one week later, the plaintiff made formal demand of the defendant for possession of the books and records of the office of tax collector, protesting the defendant's right to said office. The defendant refused the demand and protest, whereupon the plaintiff brought his first writ of quo warranto, dated November 13, 1959, claiming, substantially, that defendant was not entitled to the office of tax collector because there was no vacancy to which the defendant could be validly appointed, since the elected tax collector had failed to furnish a bond and therefore had failed to qualify.

Following a hearing on the first action, this court, in a memorandum by the presiding judge dated December 29, 1959, found the issues for the plaintiff and ousted the defendant from the office of tax col-

lector on the ground that no vacancy existed in the office, and that the selectmen acted without authority to appoint an acting tax collector under § 12-137 of the General Statutes, the specific language of the court's memorandum on this point being as follows: "In attempting to appoint the defendant as Tax Collector for the remainder of the term of office, where no vacancy existed, the Selectmen acted without authority of any statute. Section 12-137 authorizes the Selectmen of the town to appoint some suitable person as acting Tax Collector when the Tax Collector, by reason of illness or disability becomes unable to discharge the duties of his office. The power to appoint under this statute could arise only after an elected Tax Collector had qualified, a condition precedent which had not been fulfilled in the case at bar. The action of the selectmen in attempting to appoint the defendant as Tax Collector to fill the alleged vacancy caused by the attempted resignation of Mr. Pompeo did not constitute a deputizing of a person to collect taxes due on a rate bill under the provisions of Section 12-136."

Thereafter, by letter dated January 2, 1960, a majority of the selectmen deputized the defendant to collect sums due the town of Thompson under the provisions of the statute mentioned in the court's memorandum, § 12-136 of the General Statutes, said letter specifically referring to that statute as the basis for the deputization. The town clerk again swore the defendant in, on January 2, 1960.

The next legal step taken was plaintiff's motion to find defendant in contempt of court after he refused plaintiff's demand of January 4, 1960, that defendant turn over the office of tax collector to plaintiff together with the books and records of such office. After a hearing in this court, the presiding judge dismissed the motion, stating in his memorandum as follows: "The defendant, upon learning that by deci-

sion of the Court he had been ousted, accepted the same and subsequently took the office of tax collector by an appointment under G. S. sec. 12-136 with the approval and sanction of the town counsel. There was no willful disobedience to a court order but rather another attempt by the majority of the board of selectmen to appoint a tax collector which attempt the board felt not to be contrary to the judgment of this court. Whether the majority of the board of selectmen had a legal right to do as they did in deputizing the defendant as tax collector need not be determined at this time as the only issue presented by this motion is whether or not the defendant is in contempt of court and should be punished. The conduct of the defendant was not directed against the dignity or authority of this court. Rather, if anything, it was against the civil right of the relator plaintiff. This being so, the only contempt that is in issue is one of civil contempt."

Plaintiff claims that the judgment of this court dated December 29, 1959, declaring that no vacancy existed, is binding upon these parties, and that therefore the selectmen had no power to deputize under § 12-136, and the principal issue to be determined at this time is whether the factual situation now presented permits the exercise by the selectmen of the power to depute under § 12-136, the relevant portions of which read as follows: "The collector of taxes of each town, city or borough shall, before the commitment to him of any warrant for the collection of taxes, give a bond, to run for the term of his office, for the faithful discharge of his duties . . . . *If any collector refuses* to receive the rate bill or *give the bond required by law* or to collect and pay the tax within the time limited and delivers up his rate bill, *the selectmen . . . may depute some person to collect the sums due on such rate bill, who shall give bond as prescribed in this section"* (italics supplied).

In considering the italicized portion of this statute with relation to the facts of this case, the meaning of the word "refuse" becomes important, and the following definition is found in Ballantine, Law Dictionary (2d Ed.): "Refusal. Although, in its ordinary usage, the word usually imports that a demand has been made upon a person and that in some manner he has signified that he declines to comply with that demand, it is frequently used in the law as signifying a simple failure or neglect to perform a legal duty, and in such case, a failure or neglect to act is held to be a 'refusal' to act." Having this definition in mind, it would appear that the selectmen were confronted with a situation wherein the newly elected collector, Pompeo, "refused" to furnish a bond, and the plaintiff, whose bond as collector had expired on October 5, 1959, likewise "refused," in the same sense, to furnish a new bond, being, according to his own testimony, unable to obtain one because a bond was already outstanding for defendant for this specific office. Whether or not we agree with the dictum of the court in its memorandum of December 29, 1959, that plaintiff, the incumbent tax collector, was a "de jure" officer subsequent to October 5, 1959, he was without bond when, on January 2, 1960, the selectmen deputized defendant. It would appear that this was the only course they could take in order to collect the taxes owing to the town, and that they acted properly and within their authority in so doing. The fact that they "deputized" under the provisions of § 12-136 the same individual, namely this defendant, whom they had unsuccessfully attempted to appoint as acting collector under § 12-137 does not alter the situation, nor is the prior decision of the court binding upon the parties because of this identity of persons.

Under this decision that defendant is presently the legally deputized tax collector of the town of

Thompson, he will continue to act in such capacity until a new collector is elected at a special election or, if none is held, until the next regular election. In view of this, it would seem logical for both parties to abide by the results of the special election called by the selectmen for June 14, 1960. Under § 9-220 of the General Statutes, the selectmen had no duty to call a special election. *State ex rel. McCarty* v. *Thim,* 130 Conn. 710, 718. However, they did so upon petition of twenty electors, and since plaintiff and defendant are to be the candidates of their respective parties at this election, it would appear to be the more desirable and democratic procedure to let the voters of the town of Thompson, rather than either the selectmen or the court, decide which of the two is to serve them as tax collector until the next regular election. Defendant apparently welcomes the opportunity for such a choice, while counsel for plaintiff, in his brief, indicates a claim that such an election would be invalid. Under the view taken by this court, in the absence of a special election, defendant will continue as deputy collector until the next regular election.

Defendant, by showing that he was duly deputized by the selectmen and sworn in by the town clerk, and that he filed the required bond, has sustained his burden of proving his right to hold the office he now occupies as a deputized collector. This conclusion has been reached without conflict with the earlier decision of December 29, 1959, that no vacancy existed in the office of tax collector when the selectmen, on November 3, 1959, attempted to appoint defendant to fill a vacancy under § 12-137 of the General Statutes.

- - - - - - - - - - - - - - -

At the risk of adding dictum which may be considered gratuitous in view of the foregoing con-

clusions, the court is constrained to observe, for the consideration of those who may have to ponder the effect of the decisions in these proceedings upon the proposed special election of June 14, 1960, that the court might well have reached a different conclusion with respect to the "vacancy" question in its memorandum of decision of December 29, 1959, had it not been for the manner in which the selectmen had then handled the matter, which was, in a sense, contrary to the advice of their own town counsel as set forth in his letter to them of October 29, 1959. He advised them that there was no vacancy and that plaintiff continued as collector until his successor qualified or until someone was deputized under § 12-136, and this, apparently is the view adopted by the court. However, a few days after the town counsel's opinion was written, on November 2, 1959, Pompeo, the newly elected collector, resigned. It would appear logical to consider the sequence of events as having the following legal significance: (1) Pompeo was duly elected tax collector on October 5, 1959, was duly sworn in the same day and commenced his term of office on October 6. (2) Under the opening sentence of § 12-136 of the General Statutes, he had to furnish a bond "before the commitment to him of any warrant for the collection of taxes," but not as a condition precedent to his assuming the office itself. Therefore, as of that date, he qualified for the office, and the term of his predecessor, the plaintiff, terminated. (3) Upon Pompeo's inability, or "refusal" to furnish bond, the selectmen should have named a deputy under § 12-136. (4) When Pompeo submitted his resignation on November 2, 1959, the office was vacant and the selectmen could have acted under either of the two relevant statutes. (5) As matters now stand, they have proceeded under § 12-136, and defendant is a deputy collector until the vacancy caused by Pompeo's resignation is filled at a special or regular election.

The interpretation of the statute which leads to this conclusion, and which is now urged by defendant in his brief, may appear a bit novel but it is far from strained. The opening sentence of § 12-136 is certainly capable of two interpretations as to whether the bond is a condition precedent to qualifying for office or simply to receiving warrants for collection, and that interpretation should be given which will lead to a selection of the individual as tax collector until the next regular election of 1961, not by the selectmen and not by judicial decision, but by those who should determine the choice between this plaintiff and this defendant, namely, the voters of the town of Thompson.